**Pedro ALBINO–LOPEZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–71869.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 25, 2008.

David B. Landry, San Diego, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAS–District Counsel, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kohsei Ugumori, Office of the District Counsel, Department of Homeland Security, Washington, DC, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

### MEMORANDUM **

Pedro Albino–Lopez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal for legal permanent residents, and denying his motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion. *Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the discretionary denial of cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i). Albino–Lopez's contentions that the agency violated his due process rights by crediting the smugglee's Record of Sworn Statement and by determining that Albino–Lopez was not fully candid with the immigration court do not amount to colorable constitutional claims. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

We lack jurisdiction to review Albino–Lopez's contention that the IJ exhibited

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

bias and applied the wrong legal standard because he failed to raise these issues before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (noting that due process challenges that are "procedural in nature" must be exhausted).

The BIA did not abuse its discretion or violate due process by denying Albino–Lopez's motion to reopen, because the BIA considered the evidence he submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh,* 295 F.3d at 1039 (The BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law."); *Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**